The other judges concurred in the opinion of JOYNRS, J.
The decree was as follows :
The court is of opinion, for reasons, &c. that the power of attorney and deed of trust in the bill mentioned were designed to effect one general and common object, namely, to entrust the defendants with the control, management and disposition of the property and affairs of the plaintiff, in the manner set forth therein, during his contemplated absence from the country. The court is further of opinion, that the transactions of the said defendant under the authority conferred by the said power of attorney, as well as their transactions under the authority conferred by the deed of trust, were proper subjects for the cognizance and jurisdiction of a court of equity ; and that it was not competent for the plaintiff to proceed against the defendants in this suit in respect to the transactions under the deed of trust, and in the action at law in the bill mentione.d in respect to the transactions under the power of attorney. The court is further of opinion, that instead of overruling the motion of the defendant Myers to put the plaintiff to his election whether he would prosecute this suit or the said action at law, the said Circuit court should have made an order requiring the said plaintiff to make his election within a time specified, whether he would amend his bill in this case so as to embrace therein the transactions under the power of attorney, as well as those under the deed of trust, and dismiss his said action at law, or whether he would prosecute his action at law ; and that in the event of his electing to prosecute his said actions at law, or failing to make any election, the *said Circuit court should have dismissed the bill in this case with costs; and that the said decree is therefore erroneous.
Wherefore, it is ■ adjudged, ordered and decreed, that the said decree be reversed and annulled, and that the appellant pay to the appellees as the parties subtantially prevailing, their costs by them expended in this court; the appellees being regarded as the party substantially prevailing, because the decree of the Circuit court is reversed for an error committed by the appellant.
And it is ordered that the cause be remanded to the said Circuit court for further proceedings, in conformity to the foregoing opinion and decree. Which is ordered to be certified, &c.